THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY LANZANDOEN, Appellant, *v.* FRANK G. SCHIRMER, Sheriff of Westchester County, Respondent.

*Disability or inability of a judge to act — what cases are covered by it.*

The inability to act, specified in section 8 of title 3 of chapter 184 of the Laws of 1881, providing that it shall be the duty of the mayor of Yonkers to designate in writing one of the justices of the peace of that city, "who shall only in case of sickness, absence from the city, disability or inability of the city judge to act, exercise, in the place and stead of the city judge, criminal jurisdiction, such

as is conferred by law upon the justices of the peace in towns during the time such sickness, absence, disability or inability shall continue," does not mean physical inability alone.

Where the city judge was engaged in the removal of his family, consisting of twelve persons, from their summer resort to his home in Yonkers, but was at the time within the city:

*Held,* that the justice of the peace was authorized to act in his place.

APPEAL by the relator, Henry Lanzandoen, from an order made by Hon. J. O. DYKMAN, in proceedings on *habeas corpus*, which was entered in the office of the clerk of Westchester county on October 26, 1889, dismissing such proceedings and remanding the relator to the custody of the defendant, the sheriff of Westchester county.

On September 17, 1889, the relator was tried at the Court of Special Sessions in the city of Yonkers before William W. Scrugham, a justice of the peace, acting as city judge, having been duly designated to act as such. The relator was found guilty of the offense charged, assault and battery in the third degree, and sentenced to pay a fine of thirty dollars or stand committed to the common jail of the county of Westchester until the fine was paid, not exceeding thirty days. The trial was had at 3.45 o'clock in the afternoon. At noon of that day the city judge, who had been absent from the city on a vacation, returned, and was at his house from noon, to and during the trial. He plead as an excuse for not acting, that he was under a disability from so doing, in that he was engaged in the removal of his family of twelve persons from their summer resort at Fisher's Island, Suffolk county, to their home in Yonkers, which is within a half mile of the city hall where relator's trial took place. The acting city judge knew of the city judge's arrival in the city at noon, but proceeded at 3.45 P. M. to try the relator. Relator was confined in the custody of defendant to serve out his sentence on September 18, 1889, on which day he petitioned Hon. J. O. DYKMAN, a justice of this court, for and obtained a writ of *habeas corpus* returnable before said justice at chambers at White Plains, N. Y., on September 21, 1889, on which day an inquiry was made into the cause of relator's detention. A return to the writ was made by the defendant. The above facts were proved and the justice took the papers and reserved his decision, relator remaining

in defendant's custody. On September 30, 1889, he indorsed his decision on the papers and filed them in Westchester county, dismissing the proceedings and remanding the relator to the custody of defendant.

*Walter J. Donohue*, for the appellant.

*Nelson H. Baker*, district attorney, for the respondent.

BARNARD, P. J. :

By the charter of the city of Yonkers the city judge has exclusive jurisdiction in all cases triable by Court of Special Sessions before justices of the peace in towns. (Chap. 184, Laws of 1881, tit. 3, § 7.) By section 8, of this title, it is made the duty of the mayor to designate, in writing, to be filed in the office of the city clerk, one of the justices of the peace of the city, " who shall only in case of sickness, absence from the city, disability or inability of the city judge to act, exercise in the place and stead of the city judge, criminal jurisdiction such as is conferred by law upon justices of the peace in towns, during the time such sickness, absence, disability or inability shall continue."

The mayor designated a justice of the peace under this section and he tried the relator. It appears that the city judge arrived home from his vacation at about noon of the day of trial. He did not go to the office, and although the justice of the peace knew of his arrival in the city, he held the court for the trial of relator for a criminal offense. It was proven that the city judge was unable to attend because of his engagement in attending to the removal of his family, which consisted of twelve persons, from their summer resort to his home in Yonkers. This was a sufficient inability of the city judge to justify the action of the justice of the peace. Inability to act, does not alone mean physical inability.

If there be a duty of paramount importance, such as sickness in his family or other contributory causes which prevent his attention to the official duty, a case is made for the action of his substitute.

The judgment should be affirmed, without costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order dismissing writ affirmed, with costs and disbursements.